UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL J. GREEN, Plaintiff,

v. Civil Action No. 3:17-cv-201-DJH-DW

WILLIAM S. BORNSTEIN, et al., Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Green brought this *pro se* action against Defendants William and Valeri Bornstein, James Nicholson, James Ballinger, and American Tax Funding, alleging violations of his constitutional rights. (Docket No. 1) Ballinger has moved to dismiss Green's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.N. 15) The Court will construe Ballinger's motion as one for judgment on the pleadings, however, as he previously filed an answer to Green's complaint. (*See* D.N. 6) Nicholson also seeks judgment on the pleadings. (D.N. 26) For the reasons set forth below, the Court will grant both motions.

**I.     Standard**

Although presented as a motion to dismiss for failure to state a claim, Ballinger's motion was filed after he answered the complaint. (*See* D.N. 6; D.N. 15) Rule 12(b) provides that a motion asserting failure to state a claim "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Ballinger's motion is thus properly construed as a motion for judgment on the pleadings pursuant to Rule 12(c). *See Satkowiak v. Bay Cty. Sheriff's Dep't*, 47 F. App'x 376, 377 n.1 (6th Cir. 2002).

This distinction is of little practical effect, however. A motion for judgment on the pleadings pursuant to Rule 12(c) is subject to the same standard as a motion to dismiss for failure

1

to state a claim under Rule 12(b)(6). *CoMa Ins. Agency, Inc. v. Safeco Ins. Co.*, 526 F. App'x 465, 467 (6th Cir. 2013) (citing *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 846 (6th Cir. 2012)). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the Federal Rules' pleading requirements and will not withstand a motion for judgment on the pleadings. *Id*. at 679; *see CoMa Ins. Agency*, 526 F. App'x at 467.

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 519 (1972). Yet "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). For example, "the less stringent standard for *pro se* plaintiffs does not compel courts to conjure up unpleaded facts to support conclusory allegations." *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001). Additionally, a court cannot "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). A *pro se* complaint must still contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). A failure to identify a right, privilege, or immunity that was violated warrants dismissal of the action. *See Codd v. Brown*, 949 F.2d 879, 882 (6th Cir. 1991). Ultimately, "[t]he Court's duty to construe a *pro se* complaint

2

liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim." *Jones v. Cabinet for Families & Children*, No. 3:07CV-11-S, 2007 WL 2462184, at *4 (W.D. Ky. Aug. 29, 2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). Courts are not required to entertain a *pro se* plaintiff's claim that "defies comprehension" or allegations that amount to nothing more than "incoherent ramblings." *Roper v. Ford Motor Co.*, No. 1:09-cv-427, 2010 WL 2670827, at *4 (S.D. Ohio Apr. 6, 2010), *report and recommendation adopted*, 2010 WL 2670697 (S.D. Ohio July 1, 2010) (internal citations omitted).

## II. Discussion

**a. Ballinger's Motion**

In his convoluted complaint, Green provides the following to support his claim against Ballinger:

> James D. Ballinger . . . applied the Bornstein case to the foreclosure case[.] The Bornstein [case] was [seventeen] years old[, with a fifteen] year limitations. Ballinger has put [an]other case[,] which is clearly wrong. Ballinger started all this turmoil that I have had to go through ever since he filed the foreclosure. Ballinger very clearly fil[ed] false creditors trying to overwhelm[] the defendants [and] force a submission.

(D.N. 1, PageID # 3) In the entire complaint, however, Green provides no context which would allow the Court to identify what "foreclosure case" Green is referring to, let alone how Ballinger is related to the case. Additionally, Green refers to the "Bornstein case" only one other time in the complaint, explaining: "Bornstein then us[ed] his law [] degree and illegal[] tactics . . . to get an illegal ju[dg]ment." (*Id*., PageID # 2) Again, the Court cannot identify how the "Bornstein case" relates to Ballinger or how it supports Green's claim. Even when viewed under the less stringent standard afforded to *pro se* litigants, the complaint does not state a claim against Ballinger upon which relief may be granted. *See Iqbal*, 556 U.S. at 678.

3

Green's subsequent filings are of little help in clarifying his claim against Ballinger. In one such filing, Green states:

> [Ballinger] [a]llowed Bornstein to proceed to take [Green] to court [eighteen] years after a [fifteen] year [l]imitation . . . . After [] Ballinger avoiled [sic] the plaintiff['s motions] to have these creditors dismissed[.]

(D.N. 9, PageID # 28) This statement, however, does not present the court with enough "well-pleaded" factual matter to raise a reasonable inference that Ballinger is liable to Green. Again, although *pro se* complaints are held to a lesser stringent standard, a *pro se* complaint must still contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid*, 859 F.2d at 437.

Ironically, the only pleading providing enough factual detail to adequately construe Green's claim is Ballinger's motion. In the motion, Ballinger explains:

> Presumably, the foreclosure that Green is referring to is an action that American Tax Funding, LLC ("ATF") brought through Ballinger, as counsel, against Green over nine years ago in Jefferson [County, Kentucky] Circuit Court . . . . [I]t appears that Green has an issue with the fact that [Defendants William and Valeri Bornstein] were named as Defendants in the State Action. Indeed[,] the Bornsteins were named in the State Action by ATF due to the fact that the Bornsteins had a Notice of Judgment Lien of record against Green . . . . Pursuant to [Ky. Rev. Stat. §] 426.006[,] ATF necessarily *had* to name the Bornsteins in the State Action due to their Notice of Judgment Lien.

(D.N. 15, PageID # 49–50) Although this factual account helps explain Green's claim, it ultimately supports dismissal. Ballinger, as counsel for ATF in a foreclosure action ATF filed against Green, was required to list the Bornsteins as lienholders pursuant to Ky. Rev. Stat. § 426.006, which provides that "[t]he plaintiff in an action for enforcing a lien on property shall state in his petition the liens held thereon by others, making them defendants." Thus, not only does Green's complaint lack the sort of "well-pleaded" factual detail needed to survive a motion for judgment on the pleadings, Green ultimately has no workable theory for holding Ballinger

4

liable even if the Court were to use Ballinger's motion to interpret Green's complaint. *See Iqbal*, 556 U.S. at 678. The Court will therefore dismiss with prejudice Green's claim against Ballinger.

**b. Nicholson's Motion**

With regard to Nicholson, Green similarly states an incoherent series of facts that do not add up to a claim. Green first notes that Nicholson handled a case for him some years ago and that Nicholson tried to raise the fee. (D.N. 1, PageID # 3) Green fails, however, to explain how a lawyer's attempt to renegotiate a fee is a constitutional violation that warrants review in this Court. This Court will not create a claim that Green has not spelled out in his pleadings. *See Clark*, 518 F.2d at 1169. Green also alleges that Nicholson accosted him at a restaurant, demanding money that Nicholson claimed Green owed him from the representation. (*Id.*) Again, Green fails to provide how this alleged exchange supports his claim that Nicholson violated his constitutional rights, and it is not the Court's duty to conjure up unpled allegations for *pro se* plaintiffs. *Leisure*, 21 F. App'x at 278.

Finally, Green claims that while Nicholson served as a Kentucky state judge, Green never won a case before him and he thus reported Nicholson to the F.B.I. (*Id.*) This odd allegation does not amount to a claim for legal relief, and even if it did, it would be barred by judicial immunity and likely by the applicable statute of limitations. Judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 520 (1985). Thus, even when viewed under the less stringent standard afforded to *pro se* litigants, the complaint does not state a claim against Nicholson upon which relief may be granted. *See Iqbal*, 556 U.S. at 678.

In his response to Nicholson's motion, Green simply provides more rambling explanations in an attempt to cure his complaint's deficiencies. At one point, it seems that Green attempts to allege Nicholson was involved with a cancelled surgery that Green desperately needed. (D.N. 28, PageID # 89) Green also lists various remarks that Nicholson made to him when he appeared before him in court—none of which are actionable. (*Id.*, PageID # 90) Green then details the years he spent in jail for writing bad checks. (*Id.*, PageID # 91) He details criminal investigations involving his scheduled surgery and a threat against Green that he needed to leave the state or "[his] family would find [his] body in the Ohio River." (Id., PageID # 92) But nowhere in his story does Green describe Nicholson's role in Green's troubles, let alone why the Court should hold Nicholson liable for these events. Again, this Court is not required to entertain a *pro se* plaintiff's claim that "defies comprehension" or allegations that amount to nothing more than "incoherent ramblings." *Roper*, 2010 WL 2670827, at *4 (S.D. Ohio Apr. 6, 2010), *report and recommendation adopted*, 2010 WL 2670697 (S.D. Ohio July 1, 2010) (internal citations omitted).

The only filings providing enough factual detail to adequately construe Green's claim are Nicholson's answer and motion. In his answer to Green's complaint, Nicholson admits that he appeared on Green's behalf twice in 1977, "once to get [Green] a continuance and once to withdraw as counsel, when [Green] failed to appear for trial." (D.N. 11, PageID # 33–34) In Nicholson's motion for judgment on the pleadings, he states that he presided as judge in the case the Bornsteins filed against Green in the mid-to-late 1980s (presumably the action in which the Bornsteins obtained their judgment lien against Green). (D.N. 26-1, PageID # 81)

Although this factual account helps give context to Green's claim, the account ultimately supports dismissal. When the filings are read together, the Court sees nothing more than a claim

against a former Kentucky judge for actions he took long ago, and in his official judicial capacity. The law is clear that a judge acting within the scope of his official duties and within his jurisdictional authority is absolutely immune from damages liability. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). A judge is subject to liability only for non-judicial actions or for acts which were judicial in nature but were taken in the "clear absence of all jurisdiction." *Id*. Green's complaint fails to raise a reasonable inference that Nicholson harmed Green in a non-judicial capacity. Furthermore, as Nicholson's motion makes clear, Nicholson had jurisdiction to adjudicate the civil action brought against Green by the Bornsteins. (*See* D.N. 26-1, PageID # 83) *See also Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state-court litigation was barred by the Eleventh Amendment). Thus, Green has no workable theory for holding Nicholson liable, and the Court will therefore dismiss with prejudice Green's claim against him. *See Iqbal*, 556 U.S. at 678.

### III. Conclusion

Green's "complaint is rambling, disjointed, implausible, and fails, as it is required to do, to contain 'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Watkins v. FBI*, No. 3:13CV–204–S, 2013 WL 3324065, at *2 (W.D. Ky. July 1, 2013) (quoting *Scheid*, 859 F.2d at 426). Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Ballinger's motion to dismiss, construed as a motion for judgment on the pleadings (D.N. 15), is **GRANTED**. Green's claims against Ballinger are **DISMISSED** with prejudice.

7

(2) Nicholson's motion for judgment on the pleadings (D.N. 26) is **GRANTED**. Green's claims against Nicholson are **DISMISSED** with prejudice.

(3) The Clerk of Court is **DIRECTED** to terminate James Ballinger and James Nicholson as defendants in the record of this matter.

October 26, 2017

**David J. Hale, Judge**
**United States District Court**