UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL J. GREEN,                                                   Plaintiff,

v.                                            Civil Action No. 3:17-cv-201-DJH-DW

WILLIAM S. BORNSTEIN, et al.,                          Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Green brought this *pro se* action against Defendants William and Valeri Bornstein, James Nicholson, James Ballinger, and American Tax Funding, alleging violations of his constitutional rights. (Docket No. 1) The matter appears to arise from a foreclosure action that American Tax Funding brought against Green over nine years ago. (*See* D.N. 15, PageID # 49) The Court previously dismissed Green's claims against Nicholson and Ballinger. (*See* D.N. 36) William and Valeri Bornstein now move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (D.N. 38) For the reasons set forth below, the Court will grant the Bornsteins' motion.

**I.**      **Standard**

A motion for judgment on the pleadings pursuant to Rule 12(c) is subject to the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *CoMa Ins. Agency, Inc. v. Safeco Ins. Co.*, 526 F. App'x 465, 467 (6th Cir. 2013) (citing *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 846 (6th Cir. 2012)). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, a

1

plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the Federal Rules' pleading requirements and will not withstand a motion for judgment on the pleadings. *Id*. at 679; *see CoMa Ins. Agency*, 526 F. App'x at 467.

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 519 (1972). Yet "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). For example, "the less stringent standard for *pro se* plaintiffs does not compel courts to conjure up unpleaded facts to support conclusory allegations." *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001). Additionally, a court cannot "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). A *pro se* complaint must still contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). A failure to identify a right, privilege, or immunity that was violated warrants dismissal of the action. *See Codd v. Brown*, 949 F.2d 879, 882 (6th Cir. 1991). Ultimately, "[t]he Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim." *Jones v. Cabinet for Families & Children*, No. 3:07CV-11-S, 2007 WL 2462184, at *4 (W.D. Ky. Aug. 29, 2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). Courts are not required to entertain a *pro se* plaintiff's claim that "defies comprehension" or allegations that amount to nothing more than "incoherent ramblings." *Roper v. Ford Motor Co.*, No. 1:09-cv-

427, 2010 WL 2670827, at *4 (S.D. Ohio Apr. 6, 2010), *report and recommendation adopted*, 2010 WL 2670697 (S.D. Ohio July 1, 2010).

## II. Discussion

In his convoluted complaint, Green provides the following to support his claim against the Bornsteins:

> The plaintiff never considered the Bornstein's [sic] . . . valued customers[s] because neither William [nor] Valeri . . . came into the store to sign a[n] install agreement . . . . which would [have required] [t]hree signatures returned two weeks in advance of [installation]/set up. After telling Valeri . . . that she needed to get in to the store as soon as possible . . . Bornstein never called or came in. Meanwhile my work load filled [and] they never [sent] any money . . . . Their sign was complete[] [and] my office manager [sent] a letter to them . . . . I normally would not [have done so] without a deposit. They finally [sent] in the half deposit of the rental of lights and sign, [and] we immediately applied that money to the sign amount . . . . With the work load filled and [because] I had a medical need . . . . I had to make a decision either my life or death or keep working[.] It was an []easy decision, my health and life come[] first and as far as the Bornstein's [sic] . . . they never called, came in, [and] never [sent] any money. [The] Bornstein's [sic] installation was dropped . . . . The remainder of the rental was $500 less [than] what was paid to another business. Bornstein then [used] his law degree and illegal[] tactics . . . to get an illegal judg[]ment . . . [and got] involved with my medical surgery, which was [a follow-up] surgery [and] . . . was the last day the insurance would cover the expenses. Because of William Bornstein I lost my insurance, it was 11 years later when I received my surgery, [forcing me] to close my store[] [and lose] my business.

(D.N. 1, PageID # 2)  At the conclusion of his complaint, Green asserts that the Bornsteins violated his constitutional rights.  (*Id.*, PageID # 3)  Aside from the rambling and disjointed nature of his complaint, Green provides no context which would allow the Court to conclude that his constitutional claim is viable.  From the face of the complaint, it is clear that the Bornsteins are private citizens.  A private citizen is not liable for an alleged constitutional violation unless (1) "the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority"; and (2) "the private party charged with the deprivation could be described in all fairness as a state actor." *Edmonson v. Leesville Concrete Co., Inc.*,

500 U.S. 614, 620 (1991). Green's complaint and other filings with this Court do not state that either element is present here. (*See* D.N. 1; D.N. 40) As stated above, a *pro se* complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under a viable legal theory. *See Scheid*, 859 F.2d at 437. And this Court is not required to "create a claim which [Green] has not spelled out in his pleading." *Clark*, 518 F.2d at 1169. By failing to state that either element is present here, Green has failed to adequately allege a constitutional violation on the part of the Bornsteins. *See generally Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (finding that a claim is legally frivolous "where none of the legal points are arguable on their merits" (internal alterations and quotations omitted)).

As to any potential state-law claims Green asserts against the Bornsteins, his complaint does not present the Court with enough "well-pleaded" factual matter to raise a reasonable inference that the Bornsteins are liable to Green. *See Iqbal*, 556 U.S. at 678. This Court is not required to entertain a *pro se* plaintiff's claim that "defies comprehension" or allegations that amount to nothing more than "incoherent ramblings." *Roper*, 2010 WL 2670827 at *4 (S.D. Ohio Apr. 6, 2010), *report and recommendation adopted*, 2010 WL 2670697 (S.D. Ohio July 1, 2010). Although *pro se* complaints are held to a less stringent standard, a *pro se* plaintiff must still provide each defendant with fair notice of the basis of the claim. *See Jones*, 2007 WL 2462184 at *4. Given the rambling nature of his complaint, Green has failed to provide the Bornsteins fair notice of any potential state-law claim he seeks to assert.

At most, the Court might infer that Green asserts a contract or general-injury claim against the Bornsteins. However, even if the Court were to do so, Green's claims would be barred by the applicable statute of limitations. Green admits that the "illegal judgment" referenced in his complaint is "17 years old." (D.N. 1, PageID # 3) And since it is clear that the

factual background leading up to this "illegal judgment" occurred even prior to that date, Green's claims against the Bornsteins arose at least 17 years prior to his filing of this action. (*See id*., PageID # 2) Under Kentucky law, "[a]n action for an injury to the rights of plaintiff, not arising on contract and not otherwise enumerated" and "[a]n action upon a contract not in writing" "shall be commenced within five . . . years after the cause of action accrued." Ky. Rev. Stat. § 413.120. An action upon a written contract executed prior to July 15, 2014, shall be commenced within fifteen years after the cause of action accrued. § 413.090(2).

Because the events underlying Green's claims against the Bornsteins occurred at least seventeen years ago, Green's claims fail as a matter of law. Thus, not only does Green's complaint lack the sort of "well-pleaded" factual detail needed to survive a motion for judgment on the pleadings, Green ultimately has no workable theory for holding the Bornsteins liable. *See Iqbal*, 556 U.S. at 678. The Court will therefore grant William and Valeri Bornsteins' motion for judgment on the pleadings.

Finally, Green's response to the Bornsteins' motion does not alleviate his complaint's defects. In his response, Green seems to insinuate that William Bornstein initiated a lawsuit against him despite the fact that the applicable statute of limitations barred the action.[1] (D.N. 40, PageID # 140) To the extent that Green states a viable claim, the Court need not address it. Green's complaint does not mention that claim. "It is a basic principle that the complaint may not be amended by [a] brief[] in opposition to a motion to dismiss." *Kallick v. United States Nat. Bank Ass'n*, No. 12–106–DLB, 2012 WL 5178152, at *6 (E.D. Ky. Oct. 18, 2012) (quoting *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) (alterations in

---

[1] Other pleadings in this matter suggest that the referenced lawsuit is in fact the foreclosure action American Tax Funding brought against Green over nine years ago. (*See* D.N. 15, PageID # 49) The Bornsteins were apparently named defendants in the matter because of a judgment lien they had on the property at issue. (*Id*., PageID # 49–50)

original)). Green's response amounts to an attempt to amend his complaint outside the procedure for doing so elucidated by Federal Rule of Civil Procedure 15. Green may not do so.

### III. Conclusion

Green's "complaint is rambling, disjointed, implausible, and fails, as it is required to do, to contain 'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Watkins v. FBI*, No. 3:13CV–204–S, 2013 WL 3324065, at *2 (W.D. Ky. July 1, 2013) (quoting *Scheid*, 859 F.2d at 426). Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) William and Valeri Bornsteins' motion for judgment on the pleadings (D.N. 38) is **GRANTED**. Green's claims against William and Valeri Bornstein are **DISMISSED** with prejudice.

(2) The Clerk of Court is **DIRECTED** to terminate William and Valeri Bornstein as defendants in the record of this matter.

May 25, 2018

**David J. Hale, Judge**
**United States District Court**